Blasdell *against* Hewit, q. t. the Overseers of Kingsbury.

ERROR on *certiorari* to a justice's court, in a *qui tam* action for the penalties incurred under the seventh section of the act entituled, " An act to lay a duty on strong liquors, " and for regulating inns and taverns," by which it is ordained,† " That if any person shall sell by retail, any strong " or spiritous liquors, without having such licence as " aforesaid, or if any person shall sell any strong or " spiritous liquors, to be drank in his or her house, out- " house, yard or garden, without having entered into such " recognizance as aforesaid, every person who shall be " guilty of either of the offences aforesaid, shall forfeit, for " each offence, the sum of twenty-five dollars : *Provided al-* " *ways*, that no person shall be subject to be prosecuted by " virtue of this act, for selling metheglin, currant-wine, " cherry-wine, or cider, to be by such person made, and " which shall not be drank in his house, outhouse, yard or " garden." By the 16th section, the penalties are recoverable " by any person who shall prosecute for the same ; one " moiety, *when recovered*, to be paid to the overseers of the

A declaration for a penalty for selling liquor, contrary to the " act to " lay a duty on "strong liquors, " and for reg- " ulating inns " and taverns," ought to state the town where, time when, quality and quantity of liquor, and negative the liquors in the *proviso* in the 7th section.

† 1 Rev. Laws, 484.

Blasdell
v.
Hewit.

" poor." The declaration was " as well for" *Hewit* " as " the overseers of the poor," &c. that the now plaintiff " did " sell, or allowed to be sold, strong or spiritous liquors to " be drank in his house, contrary to the form, &c. and " therefore," " the aforesaid Thomas Blasdell is indebted," &c. To this the defendant demurred specially, " because " it was not set forth to whom the said strong or spiritous " liquors were sold, nor where ;" and the demurrer being overruled, the cause went on by consent, as if upon the general issue, in which the jury found a verdict for the plaintiff.

*Weston*, for the plaintiff in error, assigned the following reasons : 1st, That the action was in the name of the plaintiff below, and that of the overseers ; whereas, it ought, by the statute, to have been in his own. 2d, That though the overseers of the poor of the town were entitled, the declaration did not state time or place where the offence was committed. 3d, That it was in the alternative, " sold, or al- " lowed to be sold," and therefore wanted certainty. 4th, That the kind of liquors sold was not stated. 5th, That the declaration did not negative the selling to be of the liquors mentioned in the proviso. 6th, That the conviction was not set forth.

*Per curiam.* The first point relied on for error, has been determined against you this term, in a cause under the act for the inspection of flour. The answer may therefore be confined to the other objections.

*Shephard*, contra. By consenting to go to trial, the now plaintiff has waived all exceptions to the proceedings. As to the last error urged, it is never required to state a conviction, in order to warrant a judgment.

* 16 Sec. 1
Rev. Laws 490.

KENT, C. J. The act* gives the moiety of the penalty to the overseers of the town in which the offence is committed ; this alone is fatal.

SPENCER, J. The declaration wants time and place ; nor does it negative the qualifications of the proviso. For all of these reasons it is, therefore, bad.

LIVINGSTON, J. It ought to have been shewn what liquors were sold, and perhaps to have negatived the others.

THOMPSON J. The declaration is clearly defective on the last ground taken by *Mr. Justice Spencer.*